UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-02007-FWS-JDE Date: September 18, 2026
Title: Cory Lee Salazar v. Marriott International, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION TO REMAND [12]**

Plaintiff Cory Lee Salazar ("Plaintiff") brings this wage-and-hour case against Defendants Marriott International, Inc. and Sheraton Operating LLC ("Defendants"). (Dkt. 1-2 ("Complaint" or "Compl.").) Defendants removed the Complaint from state court on the basis of diversity jurisdiction. (Dkt. 1 ("NOR").) Before the court is Plaintiff's motion to remand. (Dkt. 12 ("Motion" or "Mot.").) Defendants oppose the Motion. (Dkt. 13 ("Opposition" or "Opp.").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for October 1, 2026, is **VACATED** and off calendar. Based on the state of the record, as applied to the relevant law, the court **DENIES** the Motion.

## I. Background

Defendants paid Plaintiff $16.50 an hour to tend bar at a resort in Newport Beach. (Compl. ¶¶ 17, 19.) In summary, Plaintiff alleges that tips paid to bartenders were improperly distributed and that Plaintiff's employment was terminated for trying to correct this practice. (*Id.* ¶¶ 29-43.) Plaintiff was told that his employment was terminated for "misappropriation of earnings." (*Id.* ¶ 39.) Arising out of this incident, Plaintiff asserts the following ten causes of action: (1) Retaliation in Violation of Labor Code § 1102.5; (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Provide Meal Periods in Violation of Labor Code § 226.7, 512; (4) Failure to Provide Rest Periods in Violation of Labor Code § 226.7; (5) Improper Tip Pooling/Wage Theft in Violation of Labor Code §§ 350-352; (6) Failure to

Reimburse Business Expenses in Violation of Labor Code § 2802; (7) Inaccurate Wage Statements in Violation of Labor Code § 226; (8) Failure to Pay All Wages Due Upon Termination in Violation of Labor Code §§ 201-203; (9) Unfair Business Practices in Violation of Business and Professions Code § 17200; and (10) Intentional Infliction of Emotional Distress. (Compl. ¶¶ 51-133.) Plaintiff requests the following forms of relief:

> 1. For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish, according to proof as allowed by law;
> 2. Equitable relief including, but not limited to, reinstatement and restitution;
> 3. Injunctive relief, including compliance with the above-identified labor codes;
> 4. For an award of punitive damages as allowed by law;
> 5. For a declaratory judgment that Defendants have violated California public policy;
> 6. For an award of prejudgment and post-judgment interest;
> 7. For an award of reasonable attorneys' fees;
> 8. For all costs of suit; and
> 9. For an award of any other and further legal and equitable relief as the Court deems just and proper.

(Compl. at 18.)

## II. Legal Standards and Discussion

Plaintiff argues that the court should remand this case because the amount in controversy is less than seventy-five thousand dollars and therefore the court lacks diversity jurisdiction which was Defendants' basis for removal. (*See generally* Mot.) The court disagrees. First, however, the court addresses Plaintiff's failure to comply with Central District of California Local Rule 7-3.

**A. Local Rule 7-3**

Central District of California Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." *Id.* Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "Failure to include such a declaration may result in the motion being denied." *Id.*

The court finds with disappointment that Plaintiff failed to comply with Local Rule 7-3. Plaintiff did not include a declaration certifying compliance with Rule 7-3. (*See generally* Mot.) And Defendant declares that the parties met and conferred one day before Plaintiff filed the Motion but that "Plaintiff's counsel did not reference an anticipated motion to remand." (Dkt. 13-1 ¶ 4.) Moreover, in his "Joint Rule 26 Report" which Plaintiff sent a few days before filing the Motion, Plaintiff "expressly represented that Plaintiff did not anticipate filing a motion to remand[.]" (*Id.* ¶ 3.)

"Compliance with the Local Rules is not optional." *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). In particular, Local Rule 7-3 is not "just a piece of petty pedantry put down to trip up lawyers" or "mere formalism simply there" for lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). Rather, it serves important functions to help "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-confer requirement of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court. It also serves the important purpose of providing the opposing party sufficient notice as to the contents of a proposed motion and an

opportunity to negotiate on the hearing date. This allows for the preparation of an adequate response given the otherwise short briefing schedule for motions provided for by the Local Rules."); *R.H. v. Cnty. of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (cleaned up) ("The purpose of Local Rule 7-3 is to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice.").

A proper meet and confer may have been particularly helpful in this case because, as the court will explain below, Plaintiff argues here that the amount in controversy is less than $75,000 yet also declares in correspondence with Defendants that damages may be over $350,000. (*See* Dkt. 13-1.) The court will not deny the motion solely for failure to comply with Rule 7-3 because federal courts have a duty to examine their subject matter jurisdiction whether or not any party raises the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). And the damage to the "just, speedy, and inexpensive determination of [this] action" caused by Plaintiff's failure to meet and confer has already been done, and that taking additional action regarding Plaintiff's failure to comply with Local Rule 7-3—including by holding a hearing on this matter or issuing an order to show cause regarding sanctions—would only cause delay and increased expense at this stage of the proceedings. Fed. R. Civ. P. 1. However, the court reiterates its disappointment and warns that failure to comply with Rule 7-3 in connection with future motions will result in sanctions.

### B. The Court's Jurisdiction

Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction, at issue here, exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the court determines it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

There is complete diversity of citizenship here; Plaintiff contests only the amount in controversy. (*Compare* Mot. *with* Opp.) "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.* at 88-89. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original).

Defendants argue that "the amount in controversy is $157,960, including conservative estimates of (1) back pay, (2) punitive damages, (3) emotional distress damages, and (4) attorneys' fees." (Opp. at 2.)

Starting with back pay: "[M]ost defendants calculate backpay through the date of removal and calculate pay at least to a hypothetical trial date a year from removal." *Finister v. California Check Cashing Stores, LLC*, 2023 WL 5170299, at *4 (N.D. Cal. Aug. 11, 2023). Applied here, that assumption results in two years of backpay from the June 2025 termination of Plaintiff's employment to an estimated trial date in July 2027. At Plaintiff's claimed hourly wage of $16.50 an hour, for 30 hours a week over a two-year period, the claimed back pay totals **$51,480**. That Plaintiff may mitigate damages is not at issue. *Jackson v. Compass Grp. USA, Inc.*, 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) ("[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.").

The court moves to attorneys' fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Labor Code section 1102.5 "allows an employee who 'brings a successful action' under that section to recover their attorney's fees." *Lampkin v. Cnty. of Los Angeles*,

112 Cal. App. 5th 920, 924 (2025). "The reasonableness of attorney's fees, when fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal May 30, 2014). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours . . . Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment case alleging retaliation and wrongful termination] may reasonably be expected to equal at least **$30,000** (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015).

Therefore, back pay and attorneys' fees alone already place the amount in controversy above the jurisdictional threshold. This is even before the court considers emotional distress damages which, "in the context of employment actions, courts in this district have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement." *Rowell v. United Parcel Serv., Inc.*, 2023 WL 6808377, at *3 (C.D. Cal. Oct. 13, 2023). And before considering punitive damages: "[S]imilar to emotional distress damages, courts have often found a 1:1 ratio between punitive and economic damages to be reasonable for the purposes of calculating the amount in controversy." *Id.* (collecting cases).

The court therefore finds that Defendants demonstrate the amount in controversy requirement is satisfied. Indeed, Plaintiff's portion of the parties' Joint Rule 26(f) report declares that it is his "present good-faith estimate is that provable damages, penalties, fees, and recoverable relief may exceed $75,000 and may fall within the range of approximately $150,000 to $350,000 or more, depending on evidence obtained in discovery regarding wage records, tip allocation data, mitigation, emotional distress, punitive damages, and attorneys' fees." (Dkt. 14 at 6.) Plaintiff "does not limit his claim" but nevertheless "he seeks remand . . . Plaintiff cannot have his cake and eat it too." *Navarro v. Servisair, LLC*, 2008 WL 3842984 (N.D. Cal. Aug. 14, 2008).

In sum, the court finds that this case was properly removed because the court has diversity jurisdiction.

## III. Disposition

For the reasons stated above, the court **DENIES** the Motion.